SIDDLE (CHANDLER v.). See Case No. 2,-594.

SIDENBERG (MACDONALD v.). See Case No. 8,768.

SIDENBERG (WOOSTER v.). See Case No. 18,039.

## Case No. 12,843.

SIDENER v. KLIER.

[4 Biss. 391.] [1]

District Court, D. Indiana. July, 1869.

BANKRUPTCY — FRAUDULENT MORTGAGE — INTENT — KNOWLEDGE OF MORTGAGEE.

More than four months, and within six months, before a petition for adjudication of bankruptcy was filed, the bankrupt mortgaged all his property to a creditor to secure bona fide debts and liabilities. *Held*, that, in order to entitle the assignee to recover from the mortgagee the property thus mortgaged, it must be proved that, at the time of the execution of the mortgage, the mortgagor was insolvent, or in contemplation of insolvency or bankruptcy; that the mortgagee had then reasonable cause to believe that such was the fact; and that such mortgage was made with a view to prevent the mortgaged property from coming to the mortgagor's assignee in bankruptcy, or to prevent the same from being distributed under the bankrupt act [of 1867 (14 Stat. 517)] or to defeat the object of, or delay, hinder, impair, or impede the operation of, the bankrupt act, or to evade some of its provisions. The mortgage cannot be avoided simply because it gave a preference to the mortgagee.

[This was a proceeding by Joseph D. Sidener, assignee, against Bernhard Klier. Submitted for final hearing and decree.]

Elliott & Holstein, for complainant.
Edward T. Johnson, for defendant.

McDONALD, District Judge. This is a bill in chancery filed by Joseph D. Sidener, as-

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

signee in bankruptcy, against Bernhard Klier. The bill charges that, on the 22nd of May, 1868, Ernest Degelow filed his petition in this court to be adjudged a bankrupt; that he was afterwards so adjudged; and that the complainant has been duly appointed his assignee.

The bill further states that, on the 21st of January, 1868, the bankrupt mortgaged all his property to the defendant Klier, as security for a pretended indebtedness; that Degelow was, at the time, insolvent; that Klier had then reasonable cause to believe, and did believe, that Degelow was insolvent; and that the mortgage was made with a view to prevent the mortgaged property from coming to the hands of the assignee in bankruptcy of Degelow, and to prevent the same from being distributed under the bankrupt act, and to defeat, impair, hinder, delay, and impede the operation of that act.

The answer of Klier denies all the material charges in the bill; and alleges that the mortgage was made bona fide to secure honest debts due to him by Degelow, and to indemnify him as surety on divers notes for Degelow. A common replication to the answer is filed; and numerous depositions have been taken.

The case is now submitted for final hearing and decree on the bill, answer, and depositions.

The only question of any difficulty to decide, is one of fact, namely, does the evidence establish the case made by the bill?

I am satisfied by the evidence that, at the time when the mortgage in question was made, Degelow was insolvent; that Klier knew him to be so; and that Klier, in procuring the mortgage, intended to obtain a preference over the other creditors of Degelow. But this mortgage was executed more than four months before Degelow filed his petition for adjudication of bankruptcy. Now, in order to defeat the preference in such a case, the 35th section of the bankrupt act, requires that the preference shall have been obtained within four months next before the filing of the petition for adjudication of bankruptcy. Had this mortgage been executed two days later than it was, I should have felt no difficulty in pronouncing it fraudulent and void under the bankrupt law. But, as the matter stands, I cannot hold it void merely because it was intended to give a preference to the mortgagee.

The latter clause of said 35th section, however, provides that "if any person being insolvent, or in contemplation of insolvency or bankruptcy, within six months before the filing of the petition by or against him, makes any payment, sale, transfer, assignment, conveyance, or other disposition of any part of his property to any person who then has reasonable cause to believe him to be insolvent, or to be acting in contemplation of insolvency, and that such payment, sale, assignment, transfer or other conveyance is made with a view to prevent his property from coming to his assignee in bankruptcy, or to prevent the same from being distributed under this act, or to defeat the object of, or in any way impair, hin-

der, impede, or delay the operation and effect of, or to evade any of the provisions of, this act, the sale, assignment, transfer, or conveyance shall be void," &c. Under this provision the lapse of time does not bar the complainant's claim, for the mortgage was made less than six months before Degelow applied to be adjudged a bankrupt.

But in proceedings under this clause of the 35th section, as I construe it, the complainant, in order to succeed, must prove that the mortgagor, at the time of executing the mortgage, was either insolvent or contemplated insolvency or bankruptcy, and that the mortgagee, at the time, had reasonable cause to believe this fact. And, in addition to this, it must be proved that the mortgage was made with a view either to prevent the property mortgaged from coming to the assignee in bankruptcy, or to prevent the same from being distributed under the bankrupt act, or to defeat the object of, or in some way impair, hinder, impede, or delay the operation of, the act; or to evade its provisions. Both these propositions must be proved. The first of them, in my opinion, as already intimated, is proved. But, as to the second proposition, standing as it does on several alternatives, yet all relating to attempts to defeat the bankrupt act, I do not believe that any one of these alternatives is proved. I must, indeed, presume that the mortgagor and mortgagee perfectly understood all the provisions of the bankrupt law. But I cannot perceive from the evidence that in the execution of the mortgage either of them had any view to any of the provisions of that law. As I regard the evidence, I think that Klier, perceiving that Degelow was in pecuniary trouble, feared that he might at some future time be broken up; that, to make himself secure, and to obtain a preference over others in the event of such a breaking up, he thought it prudent to demand a mortgage; and that, on such demand, Degelow very reluctantly executed the mortgage without any thought, in so doing, of violating the bankrupt law, or of doing any other dishonest act; and I think that the thought of becoming a bankrupt never entered into his mind till some four months afterwards.

With this view of the case, I must find that there is no equity in favor of the complainant. The bill is therefore dismissed at his costs.